IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Target Logistics Management, LLC, and Lodging Solutions - Williston, LLC, | |
| Plaintiffs, | **ORDER GRANTING MOTION TO INTERVENE** |
| Halliburton Energy Services, Inc., | |
| Plaintiff-Intervenor, | |
| vs. | |
| City of Williston, North Dakota, | Case No. 1:16-cv-076 |
| Defendant, | |
| vs. | |
| Weatherford U.S., L.P | |
| Movant for Intervention. | |

Before the Court is a motion to intervene filed by Weatherford U.S., L.P, (Weatherford) on July 31, 2017. See Docket No. 84. The Defendant, City of Williston, filed a response to the motion on August 14, 2017. See Docket No. 87. Weatherford filed a reply brief on August 21, 2017. See Docket No. 89. No response was filed by either Plaintiffs Target Logistics and Lodgings Solutions or Intervenor Halliburton Energy Services, Inc. For the reasons set forth below, the motion is granted.

I. **BACKGROUND**

This cases arises from a declaratory judgment action over a dispute of the constitutionality of a City of Williston ordinances, Ordinance 1026 and 1050, repealing the Special Permitted Use

1

of "man camps" or "crew camps" during the recent oil boom in western North Dakota. The complaint in this case was filed on April 14, 2016. See Docket No. 1. On May 20, 2016, Plaintiffs Target Logistics and Lodging Solutions sought a preliminary injunction enjoining Ordinance 1026. See Docket No. 12. The Court enjoined Ordinance 1026 on June 21, 2016. See Docket No. 42. On June 22, 2016, the Court granted Halliburton's motion to intervene. See Docket No. 43. On the same day, the Court also ordered the parties, including Halliburton, to participate in a mandatory early settlement conference. See Docket No. 44. Halliburton's interveror complaint was filed on June 28, 2016 and the City of Williston's answer was filed on July 19, 2016. See Docket Nos. 48 and 49.

In August of 2016, the City of Willison passed Ordinance 1050, which prompted a motion to file an amended complaint and a motion to vacate the preliminary injunction. See Docket Nos. 56, and 59. Both motions were granted. The preliminary injunction was vacated on March 9, 2017. See Docket No. 80. On May 1, 2017, the parties filed a stipulation to stay the matter for six months. See Docket No. 81. The stipulation was adopted and the case was stayed pending further order of the court on May 23, 2017. See Docket No. 83. Weatherfords motion to intervene was filed on July 31, 2017. See Docket No. 84.

## II. DISCUSSION

Weatherford asserts it is entitled to intervention as a matter of right pursuant to Rule 24(a)(2) or in the alternative, permissive intervention pursuant to Rule 24(b).

### A. Timeliness

At the onset, Weatherford asserts that its motion to intervene is timely. The City of Williston

responds that Weatherford's motion is untimely and would prejudice it if Weatherford were allowed to intervene. To determine whether a motion to intervene is timely, courts consider "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the dely in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." In re Wholesale Grocery Prod. Antitrust Litig., 849 F.3d 761, 766-67 (8th Cir. 2017) (internal quotations marks omitted). The Court will address each factor in turn.

First, although the case has been pending since April of 2016, the only activity of substance in the case has been the issuance and vacation of the preliminary injunction. The parties jointly agreed to stay all deadlines in the matter in May of 2017. Discovery has not been completed and no dispositve motions have been filed. The Court finds this factor favors intervention.

Second, the assertions regarding factors two and three, when Weatherford knew of the litigation and it's reasons for delay in seeking intervention, are closely related. Weatherford admits it knew of the litigation "not long after it was filed." See Docket No. 84. Weatherford asserts that due to losses as a result of other litigation, Weatherford now "chooses to intervene in this matter." See Docket No. 84. The Court finds these factors weigh against intervention.

Finally, Weatherford asserts that the City of Williston has not been prejudiced by the delay in seeking intervention, noting that Weatherford's claims are nearly identical to those of the current plaintiffs; the case has been stayed; and that any ongoing settlement negotiations cannot be the basis for a finding of prejudice. The City of Williston contends that intervention would prejudice the existing parties because the City of Williston believes a settlement is "imminent" with the existing Plaintiffs. However, that was fourth months ago and the case has not settled. The City of Williston

asserts that Weatherford failed to respond to attempts to discuss potential resolution. Eighth Circuit case law clearly states that ongoing settlement negotiations do not automatically create prejudice to the parties if another party seeks to intervene. Mille Lacs Bank of Chippewa Indians v. State of Minn., 989 F.2d 994, 999 (8th Cir. 1993). It is worth noting that none of the other plaintiffs, Target Logistics, Lodging Solution, or Halliburton Energy Services, objected to Weatherford's motion to intervene.

In sum, although Weatherford delayed in filing its motion to interview, the underlying litigation had not progressed significantly by the time they moved to intervene and the delay in seeking intervention did not prejudice the existing parties. Accordingly, the Court finds that Weatherford's motion to intervene is timely.

### B. Intervention of Right Under Rule 24(a)(2)

A party seeking mandatory intervention must establish that (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties. South Dakota ex rel Barnett v. US Dept. of Interior, 317 F. 3d 783, 785 (8th Cir. 2003). It is well-established that Rule 24 is to be given a liberal construction. Courts must assess a motion to intervene "in a light most favorable to the prospective intervenor," "construe the motion in favor of the prospective intervenor," and accept all material allegations in the motion as true. Nat'l Parks Conservation Ass'n v. United States Envtl. Prot. Assoc., 759 F.3d 969, 973-75 (8th Cir. 2014).

Weatherford asserts that (1) its interests are nearly identical to those of the other plaintiffs; (2) its interests may be impaired if the Court finds the ordinances are valid; and (3) its interests are

not adequately represented by the existing parties because any potential settlement, injunction, or recovery of damages may not apply to it if it is not a party to the action. The City of Williston relied upon its arguments of untimeliness and prejudice and did not address the three factors for intervention under Rule 24(a)(2).

As to factor one, the Court finds that Weatherford clearly has an interest in the subject matter of the litigation. Weatherford, like the existing plaintiffs, was subject to the ordinances passed by the City of Williston. The Court also finds that Weatherford's interests may be impaired by the disposition of the case. If the Court were to find the ordinances were valid, Weatherford would be required to comply with the ordinances. Regardless of the outcome of this case, Weatherford's interests will be impacted by its disposition.

Finally, as to whether Weatherford's interests are adequately represented by the existing parties, the Court finds this factor favors intervention. Intervenors are typically required to carry only a minimal burden of showing that their interest are not adequately protected by the existing parties. Mille Lacs Bank of Chippewa Indians v. Minnesota, 989 F.2d 994, 999 (8th Cir.. 1993). Because of the judicial system's interest in resolving all related controversies in a single action, any doubts as to "the propriety of permitting intervention should be resolved in favor of allowing it." Sierra Club v, Robertson, 960 F. 2d 83, 86 (8th Cir. 1992) (discussing the "inadequate representation" condition of Rule 24(a)). The Court finds that Weatherford has shown its interests are not adequately represented by the existing parties and Weatherford asserts it will proceed with filing an action of its own if it is nor permitted to intervene. In addition, the Court concludes that that judicial economy is best served by resolving these related matters in a single action. Accordingly, Weatherford is allowed to intervene as a matter of right because it satisfies Rule

24(a)(2)'s requirements.

### III. <u>CONCLUSION</u>

The Court carefully reviewed the entire record and concludes Weatherford has satisfied the requirements for intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Accordingly, the motion to intervene (Docket No. 84) is **GRANTED**. Weatherford is granted leave to file its proposed complaint in intervention.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2017.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court